IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case Nos. 4:13-CR-00117 |
| | : | 4:14-CR-00074 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| RODGER KENT WILLIAMS, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM and ORDER**
November 24, 2015

Before the Court for disposition is Petitioner Rodger Kent Williams' "Petition for Collateral Estoppel Bar to Prevent Subsequent Prosecution."[1] (ECF Nos. 59 & 19). For the reasons that follow, the Court deems this motion a second or successive 28 U.S.C. § 2255 motion, and will, accordingly, deny the motion for want of federal subject matter jurisdiction.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a second or successive habeas corpus application filed by a federal prisoner like Petitioner:

---

[1] Although Petitioner has labeled his filing as a Petition for Collateral Estoppel Bar to Prevent Subsequent Prosecution, the argument contained therein attacks the Court's imposition of sentence. Therefore, in accordance with the Third Circuit's instruction that *pro se* motions be construed liberally, the Court will interpret this Petition as a Motion to Vacate. See Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 n. 1 (3d Cir. 2009)(citing Haines v. Kerner, 404 U.S. 519, 520–21 (1972)).

1

> [M]ust be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  In the instant case, Petitioner previously filed a Motion to Vacate, Correct, or Set Aside a Sentence under 28 U.S.C. § 2255 (hereinafter "Section 2255 Motion"). (ECF Nos. 49 & 10).  In an Order dated November 20, 2015, this Court denied that Motion.  Therefore, because Petitioner has already filed one Section 2255 Motion which has previously been addressed by the Court, he would have to obtain a certification from the United States Court of Appeals for the Third Circuit to pursue a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255.  Because Petitioner has failed to obtain such a certification from the Third Circuit, this Court lacks jurisdiction over Petitioner's second Section 2255 motion.

In accordance with the foregoing reasoning, **IT IS HEREBY ORDERED THAT:**

1. Rodger Kent Williams' Petition for Collateral Estoppel Bar to Prevent Subsequent Prosecution (ECF Nos. 59 & 19) is deemed to be a motion

      filed pursuant to 28 U.S.C. § 2255.

2.     This Motion is DENIED WITHOUT PREJUDICE to Petitioner's right to seek permission from the United States Court of Appeals for the Third Circuit to file a second or successive motion under 28 U.S.C. § 2255.

3.     The Clerk of Court is directed to notify Petitioner of this disposition.

                      BY THE COURT:

                        <u>/s Matthew W. Brann</u>
                        Matthew W. Brann
                        United States District Judge