# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos.: 4:13-CR-00117 |
| | 4:14-CR-00074 |
| v. | |
| | (Chief Judge Brann) |
| RODGER KENT WILLIAMS, | |
| Defendant. | |

## MEMORANDUM OPINION

### OCTOBER 25, 2021

## I. BACKGROUND

In 2013, Rodger Kent Williams was indicted on charges of interference with commerce by robbery ("Hobbs Act Robbery"), in violation of 18 U.S.C. §§ 2, 1951, using and carrying a firearm during a crime of violence—that crime being Hobbs Act Robbery as charged in Count One—in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] Williams was separately indicted on several counts, including one count of Hobbs Act Robbery, in the United States District Court for the Eastern District of North Carolina.[2]

---

[1] Doc. 1. This indictment is hereafter referred to as the "Pennsylvania Indictment." Unless otherwise stated, citations to "Doc." refer to the criminal docket for *United States v. Williams*, No. 4:13-CR-00117 (M.D. Pa.).

[2] *United States v. Williams*, No. 4:14-CR-00074 (M.D. Pa. Doc. 1 at 4-5).

Williams thereafter pled guilty, pursuant to a written plea agreement, to two counts of Hobbs Act Robbery and brandishing a firearm during a crime of violence.[3] The plea agreement provided that Williams would plead guilty to Count One of the Pennsylvania Indictment—"a violation of Title 18, United States Code, Section 1951, interference with commerce by robbery," as well as Count Two, alleging the violation of § 924(c), and one count of Hobbs Act Robbery from the North Carolina Indictment.[4]

During the change of plea colloquy, the Court specifically noted that Williams was pleading guilty to "interference with commerce by robbery" and asked the Government to set forth the facts that it would present to support the charges to which Williams was pleading guilty.[5] As relevant here, the Government stated:

> Early on the morning of January 9, 2013, Rodger Williams and four other males traveled from Philadelphia to Kranich's Jewelers in State College, Pennsylvania. Williams and the other men met at approximately 3:00 a.m. in Philadelphia and then drove to State College in separate vehicles. When they arrived at the jewelry store, one of the conspirators stayed with the vehicles parked near the rear of the store.
>
> Williams, carrying a .357 revolver, and two of his accomplices, walked to the entrance carrying bags and backpacks by way of an alley next to the store. Williams entered the store first and displayed the handgun to store employees. He demanded the keys to the display cases from the employees and ordered them to get on the floor at the back of the store. He grabbed one of the store employees by the wrist and led him to a location where another employee was taken.

---

[3]  Doc. 31. As part of the plea agreement, Williams agreed to the transfer of the North Carolina Indictment to this District and pled guilty to the Hobbs Act Robbery count contained in that indictment. *Id.* at 3.
[4]  *Id.* at 1-2.
[5]  *Williams*, No. 4:14-CR-00074, Doc. 15 at 9-10.

> Williams watched over the employees while the other robbers took rings, watches, bracelets and other valuables and put the stolen items in the duffel bags. They then left the store and used the alleyway next to the store to return to the waiting vehicles.
>
> Williams and his accomplices traveled back to Philadelphia, where they split up the loot.[6]

The Government further relayed that, after Williams was arrested, he "admitted that he robbed Kranich's Jewelry Store in State College with three other men. He also admitted that during the robbery of Kranich's he carried and displayed the .357 magnum revolver identified in the indictments in the two cases."[7] Williams fully admitted to the facts as recited by the Government, with the minor exception that he could not recall having grabbed anyone by the wrist.[8] The Government reiterated that the plea agreement called for Williams to plead guilty to "interference with commerce by robbery, in violation of Title 18 U.S. Code, Section 1951."[9] Both Williams and his attorney stated that the Government's summation of the plea agreement—which necessarily included the description of the charges to which Williams was pleading guilty—was accurate.[10]

At the sentencing hearing, the Court noted for the record that Williams had pled guilty to two counts of "interference with commerce by threats or violence

---

[6]  *Id.* at 10-11.
[7]  *Id.* at 12.
[8]  *Id.* at 13-14.
[9]  *Id.* at 15; *see id.* at 14-15.
[10] *Id.* at 17-18.

under Title 18 of the United States Code at Section 1951" and to brandishing a firearm as alleged in Count Two of the Pennsylvania Indictment.[11] The Court imposed a total sentence of 246 months' imprisonment, consisting of 162 months' imprisonment for the Hobbs Acts Robbery convictions, and 84 months' imprisonment for the § 924(c) conviction.[12]

Williams thereafter filed a timely 28 U.S.C. § 2255 motion, arguing that he was coerced into pleading guilty, that he was not advised by his attorney of the mandatory minimum sentence for a § 924(c) conviction, and that there was no evidence that he had brandished a firearm during a crime of violence.[13] This Court denied that motion after finding that it was barred by a waiver—contained in Williams' plea agreement—of Williams' right to file a § 2255 motion.[14]

Williams later sought, and received, permission from the United States Court of Appeals for the Third Circuit to file second or successive § 2255 motions.[15] In his new § 2255 motions, Williams asserts that his § 924(c) conviction is invalid, as the predicate offense underlying that conviction does not qualify as a crime of violence.[16] Specifically, Williams contends that, applying the modified categorical approach, the predicate offense here is conspiracy to commit Hobbs Act Robbery,

---

[11] Doc. 52 at 2-3.
[12] *Id.* at 21; Doc. 45.
[13] Doc. 49.
[14] Docs. 60, 61.
[15] Doc. 70.
[16] Doc. 72.

or aiding and abetting Hobbs Act Robbery, and neither offense qualifies as a crime of violence, as they do not categorically involve the use, attempted use, or threatened use of violent physical force.[17]

The Government has responded to Williams' § 2255 motions and argues that his motions fail for two reasons. First, the Government asserts that, in the plea agreement, Williams knowingly and voluntarily waived his right to file a § 2255 motion.[18] Second, even if the waiver contained in the plea agreement did not apply, the Government argues that Williams' claim fails as the predicate offense underlying his § 924(c) conviction is Hobbs Act Robbery, which is a crime of violence.[19] This matter is now ripe for disposition[20] and, for the following reasons, the Court will deny Williams' motions.

## II. DISCUSSION

Williams was convicted of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c);[21] that statute provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a

---

[17] *Id.* at 7-16; Doc. 76 at 2-4; Doc. 80 at 4-6.
[18] Doc. 75 at 12-15.
[19] *Id.* at 15-25; Doc. 83.
[20] This Court previously placed this matter in abeyance pending the Third Circuit's decision in *United States v. Collazo*, No. 18-2557. Doc. 77. The Court lifted that stay after the Third Circuit issued a decision in *United States v. Walker*, 990 F.3d 316, 325-30 (3d Cir. 2021), wherein the Third Circuit held that Hobbs Act Robbery and attempted Hobbs Act Robbery are crimes of violence. Doc. 78.
[21] Doc. 45.

firearm" is subject to a mandatory term of seven years' imprisonment for brandishing that firearm.[22] The Third Circuit has concluded that Hobbs Act Robbery is a crime of violence[23] and, accordingly, if the predicate offense for Williams' § 924(c) conviction is Hobbs Act Robbery, his motion fails. The parties further agree that conspiracy to commit Hobbs Act Robbery is not a crime of violence and, thus, cannot serve as a predicate offense that supports a § 924(c) conviction.[24] Consequently, the only genuine dispute is whether the predicate offense underlying Williams' § 924(c) conviction is Hobbs Act Robbery, or conspiracy to commit Hobbs Act Robbery.

Because the "Hobbs Act itself is a divisible statute"[25] which contains multiple alternate elements, including both robbery and conspiracy to commit robbery, this Court must determine which offense Williams committed. To do so, the Court must employ "a modified categorical approach, under which [it] may examine a limited set of documents to see which of the alternatives served as the basis for the individual's conviction."[26] The documents that this Court may examine, known as

---

[22] 18 U.S.C. § 924(c)(1)(A).
[23] *Walker*, 990 F.3d at 325-26.
[24] *See* Doc. 72 at 10-11; Doc. 75 at 18-19.
[25] *United States v. Robinson*, 844 F.3d 137, 149 (3d Cir. 2016) (Fuentes, J., concurring). *See also United States v. Carter*, 536 F. App'x 294, 297 (3d Cir. 2013) ("The Hobbs Act criminalizes not only robberies that affect interstate commerce, but also attempts and conspiracies to commit such robberies").
[26] *Grijalva Martinez v. Att'y Gen. of U.S.*, 978 F.3d 860, 868 (3d Cir. 2020). *See also United States v. Collazo*, 856 F. App'x 380, 383 (3d Cir. 2021) (examining "the indictment, plea agreement, and plea colloquy" to determine whether appellant pled guilty to Hobbs Act Robbery or conspiracy to commit Hobbs Act Robbery).

6

*Shepard* documents, "are comprised of the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'"[27]

The relevant *Shepard* documents make clear that Williams pled guilty to committing Hobbs Act Robbery, not conspiracy to commit Hobbs Acts Robbery. Although Count One of the Pennsylvania Indictment is ambiguous, as it references Hobbs Act Robbery, conspiracy to commit Hobbs Acts Robbery, and aiding and abetting the commission of Hobbs Act Robbery,[28] Count Two, the § 924(c) count, clearly states that the crime of violence that serves as the predicate for Count Two is "robbery affecting interstate commerce in violation of Title 18, United States Code, Section 1951."[29] Count Two does not reference conspiracy to commit Hobbs Act Robbery or aiding and abetting and, thus, clearly identifies the predicate offense as only Hobbs Act Robbery.

Moreover, even if the indictment were ambiguous, other *Shepard* documents suffer from no ambiguity. The plea agreement specifically provided that Williams would plead guilty to "interference with commerce by robbery"[30] and, during the change of plea colloquy, Williams acknowledged that he was pleading guilty to

---

[27] *Larios v. Att'y Gen. U.S.*, 978 F.3d 62, 69 (3d Cir. 2020) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).
[28] Doc. 1 at 2-3.
[29] *Id.* at 4.
[30] Doc. 31 at 1-2.

"interference with commerce by robbery."[31] He further agreed that the Government had accurately summarized the plea agreement when it stated that Williams was pleading guilty to "interference with commerce by robbery" as alleged in Count One of the indictment.[32] These documents all reference only robbery, not conspiracy to commit robbery.

The Court therefore concludes that the relevant *Shepard* documents unambiguously provide that the predicate offense supporting Williams' § 924(c) conviction is Hobbs Act Robbery—not conspiracy or aiding and abetting. Because Hobbs Act Robbery qualifies as a crime of violence sufficient to support a § 924(c) conviction,[33] Williams' motions are without merit and will be denied.[34]

### A.  Certificate of Appealability

The Court will deny Williams' § 2255 motions, and that decision is not appealable unless this Court or a circuit justice issues a certificate of appealability.[35] A certificate of appealability will not issue absent "a substantial showing of the

---

[31] *Williams*, No. 4:14-CR-00074, Doc. 15 at 9.

[32] *Id.* at 14-15, 17-18. Moreover, the factual basis provided by the Government—with which Williams agreed—plainly establishes that Williams committed Hobbs Act Robbery, although those facts likewise establish that he conspired to commit Hobbs Act Robbery and aided and abetted that offense. *Id.* at 10-12.

[33] *Walker*, 990 F.3d at 326.

[34] Because the Court denies Williams' § 2255 motions on their merits, it will not address the Government's contention that the § 2255 motions are barred by the waiver contained in the plea agreement. The Court notes, however, that it previously determined that the waiver was entered into knowingly and voluntarily. Doc. 60. Moreover, given that the claims underlying Williams' § 2255 motions are without merit, it is exceedingly unlikely that enforcing the waiver would result in a miscarriage of justice.

[35] 28 U.S.C. § 2253(c)(1)(B).

denial of a constitutional right."[36] To satisfy this standard Williams must demonstrate that reasonable jurists would find that the Court's assessment of the constitutional claim is debatable or wrong.[37] The Court finds that Williams has not met this burden, as reasonable jurists would not debate that the language contained in the relevant *Shepard* documents demonstrate that the offense underlying Williams' § 924(c) conviction is Hobbs Act Robbery. The Court therefore declines to issue a certificate of appealability.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Williams' § 924(c) conviction is supported by an adequate predicate offense, and his 28 U.S.C. § 2255 motions will be denied. The Court will also deny a certificate of appealability.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[36] *Id.* § 2253(c)(2).
[37] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).